# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REPUBLIC SILVER STATE DISPOSAL, INC.,<br><br>  Plaintiff(s),<br><br>v.<br><br>YOUSIF HALLOUM, et al.,<br><br>  Defendant(s). | Case No.: 2:20-cv-02003-GMN-NJK<br><br>**REPORT AND RECOMMENDATION** |

Defendants are proceeding in this action *pro se* and have requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket Nos. 7, 9, 11. Defendants also submitted a notice of removal to initiate this case in this Court. Docket No. 1-1.

**I.  LEGAL STANDARD**

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

**II.  ANALYSIS**

Defendants seek to remove an action pending in state court to this Court. Docket No. 1-1. The complaint attached to Defendants' notice of removal alleges unjust enrichment and asserts causes of action under Clark County, Nevada Code of Ordinance § 9.04.240 and Nevada Revised

Statute § 444.520.  Docket No. 1-2 at 5–6.  Nonetheless, Defendants submit that this Court has federal question jurisdiction.  Docket No. 1-1 at 3.  Specifically, Defendants submit that this action arises out of Plaintiff's violations of the Fair Debt Collection Practices Act ("FDCPA").  *Id.* at 3, 4.  However, removal "cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court."  *Cabos v. Ross*, 2016 WL 8114129, at *2 (D. Nev. Oct. 14, 2016) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 59–60 (2009)).  Defendants fail to demonstrate that Plaintiff alleges a claim arising under federal law.  Further, Defendants fail to demonstrate that diversity jurisdiction exists in this case either with respect to the diversity of parties or the amount in controversy.[1]  Thus, Defendants fail to establish this Court's subject matter jurisdiction and it is clear that amendment cannot cure that deficiency.

## III.  CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the case be **DISMISSED** without prejudice to Defendants seeking relief in state court.  The undersigned further **RECOMMENDS** that Defendants' applications to proceed *in forma pauperis* at Docket Nos. 7, 9, and 11 be **DENIED** as moot.

Dated: November 24, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] The operative complaint alleges, and Defendants do not dispute, that Plaintiff is a Nevada corporation doing business in Clark County, Nevada.  Docket No. 1-2 at 1.  Further, Defendants' notice of removal provides a Henderson, Nevada address.  Docket No. 1-1 at 1.