**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| REPUBLIC SILVER STATE DISPOSAL INC., | )<br>)<br>) |
| Plaintiff, | ) Case No.: 2:20-cv-02003-GMN-NJK<br>) |
| vs. | ) **ORDER**<br>) |
| YOUSIF HALLOUM; IMAN HALLOUM; WELLS FARGO BANK, N.A., | )<br>)<br>) |
| Defendants. | ) |

Pending before the Court is the Motion for Rehearing and Recusal, (ECF Nos. 26–27), filed by Defendants Iman Halloum and Yousif Halloum ("Defendants"). Plaintiff Republic Silver State Disposal Inc. ("Plaintiff") filed a Response, (ECF No. 31), and Defendants filed a Reply, (ECF No. 32).

The Court begins its analysis with Defendants' request for "rehearing." Defendants seek rehearing on the Court's Order adopting as unopposed the Magistrate Judge's Report and Recommendation ("R&R") to dismiss the case without prejudice. (*See* Mot. Rehearing at 1–3, ECF No. 26). Defendants move for rehearing pursuant to "Rule 8022," which seemingly refers to the Federal Rule of Bankruptcy Procedure. The Court denies the request.

First, as the present case is not before a bankruptcy court, the Federal Rules of Bankruptcy Procedure do not apply. Rule 8022 does not provide grounds for the Court to rehear any Motion. Second, even if the Court were to construe Defendants' Motion as a Motion for Reconsideration under Federal Rule of Civil Procedure 60(b), the Court does not find grounds apparent for reconsideration. Defendants contend that the Court issued its final order in error because the District Court adopted a Magistrate Judge's R&R, but Defendants did not consent to disposition by a magistrate. (Mot. Rehearing at 1–3). However, a magistrate

judge may, without the consent of the parties, issue findings and recommendations to a district judge in aid of the district judge's final resolution of the case. *See* 28 U.S.C. § 636(b)(1)(B); *see, e.g.*, *Riddle v. The National Railroad Passenger Corporation*, 2014 U.S. Dist. LEXIS 157237, 2014 WL 5783825 (S.D. Cal. 2014). Here, as the Magistrate Judge did not issue a final order dismissing the case but instead submitted findings and recommendations to the undersigned, there exist no grounds to set aside the Court's prior Order.

The Court likewise denies Defendants' request for recusal of the undersigned. Defendants seek recusal if their request for rehearing is granted. (*See* Mot. Recuse at 12, ECF No. 27). Given that the request was contingent upon rehearing, and the Court denies rehearing, the Court likewise denies the request for reassignment of the case to another district judge.

Accordingly[1],

**IT IS HEREBY ORDERED** that Defendants' Motion for Rehearing, (ECF No. 26), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Recusal, (ECF No. 27), is **DENIED**.

**DATED** this __13__ day of July, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] In its Response, Plaintiff requests attorney fees for improper removal. (*See* Pl.'s Resp. 4:3–19). Pursuant to Local Rule IC 2-2(b), a party must file a separate document for each form of relief sought. The Court will consider a request for attorney fees upon proper motion.